Rosario RAMIREZ, Plaintiff–Appellant,

v.

FOX TELEVISION STATION, INC.;
Chuck Ammann; Nancy Ferguson,
Defendants–Appellees.

No. 91–56233.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 1, 1993.

Decided July 14, 1993.

---

Raymond P. Boucher, Santa Monica, CA, for plaintiff-appellant.

Joel P. Kelly, McKenna & Cuneo, Los Angeles, CA, for defendants-appellees.

Before: WALLACE, Chief Judge, SNEED and HALL, Circuit Judges.

WALLACE, Chief Judge:

This appeal primarily concerns jurisdiction. It requires that we determine, first, whether we have appellate jurisdiction and, second, whether the district court had removal jurisdiction. Ramirez appeals from the district court's dismissal without prejudice, in which she charged that her employer, Fox Television Stations, Inc. (Fox), discriminated against her on the basis of her national origin. Fox argues that we do not have appellate jurisdiction because the district court's dismissal was not a final decision. Ramirez asserts that we have jurisdiction, that the district court did not, and thus that the court erred in refusing to remand Ramirez's case to state court. Ramirez also challenges the district court's imposition of a monetary sanction against her attorney. The district court exercised jurisdiction pursuant to 28 U.S.C. § 1441 and 29 U.S.C. § 185(a). Our jurisdiction over this timely appeal can only be pursuant to 28 U.S.C. § 1291. We reverse all but the award of sanctions and remand with directions to remand Ramirez's action to state court.

I

Ramirez is employed by Fox as an engineer at a local television station in Los Angeles. She alleges in her complaint that Fox subjected her to discrimination in the terms and conditions of her employment because of her national origin. She alleges that, unlike "anglo employees," she was required to take sick leave for a portion of her jury service and was required to provide verification of that service. She also charges that she was bypassed as the audio engineer for Dodgers baseball games despite her requests for those assignments and despite her superior qualifications. She asserts, finally, that Fox failed to post job openings or to promote minority employees.

During the course of her employment, Ramirez has been represented by a union. A collective-bargaining agreement (Bargaining Agreement) between Fox and her union has governed the terms and conditions of her employment. The Bargaining Agreement contains grievance and arbitration procedures designed to resolve employment disputes.

Without first utilizing those procedures, Ramirez filed suit in California state court. She alleged only one cause of action: that Fox, by discriminating against her on the basis of her national origin, had violated the California Fair Employment and Housing Act (California Employment Act). Cal.Gov't Code § 12940 (West Supp.1993). Fox successfully sought removal of Ramirez's case to federal court on the ground that her claim required interpretation of the Bargaining Agreement and was therefore completely preempted by section 301 of the Labor Management Relations Act (Labor Act), 29 U.S.C. § 185(a).

Ramirez subsequently moved to remand her case to state court. The district court denied her motion, ruling that her claims "are considered to be preempted by § 301 of the Labor Management Relations Act." Fox then moved for summary judgment. Ramirez submitted opposition papers which were nearly identical to those she had submitted in support of her motion to remand. The court declined to rule on the summary judgment motion and instead dismissed Ramirez's "case," without prejudice, because Ramirez had failed to exhaust the grievance procedure under the Bargaining Agreement. Although the district court's order states that Ramirez's "case" was dismissed without prejudice, at the summary judgment hearing the court stated that her "claim" was dismissed and that the "matter" was dismissed.

Ramirez argues to us that the district court erred in failing to remand her case because it is not preempted by section 301 of the Labor Act. Absent complete preemption, her argument continues, the district court lacked jurisdiction over her case. Ramirez also appeals from the district court's award of a $150 sanction against her counsel for submitting a nearly identical set of papers on two different occasions during the litigation.

II

Before reaching the question of whether the district court had removal jurisdiction, we must determine whether we have appellate jurisdiction. Fox argues that we do not because the district court's dismissal order is not a "final decision." Under 28 U.S.C. § 1291, only final decisions are appealable.

The Supreme Court has instructed that the finality requirement of section 1291 "should be given a practical rather than a technical construction." *United States v. Lee,* 786 F.2d 951, 956 (9th Cir.1986) (*Lee*), citing *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964). A final decision or order is most often characterized as one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (internal quotation omitted). As we also have held, "an order which effectively sends a party out of court is appealable." *Lee,* 786 F.2d at 956.

Thus, a district court's dismissal of a complaint is normally not appealable, while the dismissal of the underlying action is. *See Hoohuli v. Ariyoshi,* 741 F.2d 1169, 1171 n. 1 (9th Cir.1984) (*Hoohuli*); *Scott v. Eversole Mortuary,* 522 F.2d 1110, 1112 (9th Cir.1975). To the extent the district court follows this clear direction, our job is made easy. Ambiguity in dismissal orders breeds needless additional rules. For example, we have stated that if the court intended the dismissal of the complaint to dispose of the action, that dismissal may be considered final and appealable. *Hoohuli,* 741 F.2d at 1171 n. 1. In addition, the district court's failure to allow leave to amend "supports an inference that the district court intended to make the order final." *Gerritsen v. de la Madrid Hurtado,* 819 F.2d 1511, 1514 (9th Cir.1987).

The terminology employed by the district court in this case is confusing. There was no mention of dismissing the action or dismiss-

ing the complaint. Rather, at different times, the court stated that it was dismissing Ramirez's "claim," dismissing the "matter," and dismissing the "case." In each instance the court indicated that the dismissal was "without prejudice." The district court's intentions are difficult, if not impossible, to discern from these phrases. In order to solve this unnecessary but fairly frequent problem, we are required to "focus on the effect of the ruling rather than the label placed on it." *Lee,* 786 F.2d at 955.

In contrast to the ambiguous labels utilized by the district court, the effect of the court's order appears to have ended the litigation of Ramirez's original claim and sent her out of the district court. *See id.* at 956. The court effectively terminated her litigation by concluding that her state-law cause of action is completely preempted by section 301 of the Labor Act. Ramirez subsequently could pursue a claim under the Bargaining Agreement and then, perhaps, in district court under section 301 of the Labor Act. That claim, however, would be a new one, distinct from her original action. Rather than alleging that Fox violated the California Employment Act, she would have to allege that Fox violated the Bargaining Agreement. This is not a case where the district court dismissed a complaint to allow exhaustion or amendment of the complaint. Any amendment would need to be based on an entirely different theory of action. Thus, the district court's dismissal, resting as it did on the conclusion that Ramirez's claim was preempted, appears to have effectively ended litigation of Ramirez's original state-law cause of action.

Although it is difficult to discern the intent of the district court, there are other indicia of finality. The district court did not specifically give Ramirez leave to amend, and there is no indication that an amendment would have cured the "defect" in her complaint. *See McGuckin v. Smith,* 974 F.2d 1050, 1053 (9th Cir.1992) (reaffirming principle that if a plaintiff cannot cure the defect that led to dismissal, the order of dismissal is appealable). The district court based its dismissal on Ramirez's failure to exhaust the grievance procedures under her Bargaining Agreement. Not until she exhausted those poten-

tial remedies could she return to court. Merely amending her complaint presumably would not have been sufficient to raise a claim under her Bargaining Agreement, and it certainly could not have resurrected her state-law cause of action. We conclude that the district court's dismissal constitutes a final order and, therefore, we have jurisdiction over Ramirez's appeal.

### III

Ramirez argues that the district court lacked jurisdiction over her action and therefore erred in denying her motion to remand her case to state court. The denial of a motion to remand an action to state court for lack of removal jurisdiction is reviewed de novo. *Chmiel v. Beverly Wilshire Hotel Co.,* 873 F.2d 1283, 1285 (9th Cir.1989) (*Chmiel*).

A district court may remove an action from state court only if the action could have been brought in the district court originally. *See* 28 U.S.C. § 1441(a) and (b); *Jackson v. Southern California Gas Co.,* 881 F.2d 638, 641 (9th Cir.1989) (*Jackson*). In the absence of diversity jurisdiction, this issue turns on the presence or absence of a federal question. *See* 28 U.S.C. § 1441(b). Federal-question jurisdiction is normally determined by examining the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Defenses based on federal law, including preemption defenses, do not ordinarily provide a legitimate basis for removal. *Id.* at 393, 107 S.Ct. at 2430.

In areas where federal law completely preempts state law, however, a claim purportedly based on state law is considered to be a federal claim from its inception; thus, such claims are considered to have arisen under federal law. *Id.* Section 301(a) of the Labor Act provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 completely preempts any state causes of action based on alleged violations of contracts between employers and labor organizations. *See, e.g.,*

*Jackson*, 881 F.2d at 642. Thus, the question raised by this appeal pares down to whether Ramirez's state-law discrimination cause of action is preempted by section 301.

A state-law claim is preempted by section 301 "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988). As we recently explained in *Hayden v. Reickerd*, 957 F.2d 1506 (9th Cir.1992) (*Hayden*), state-law causes of action are preempted if they are either based upon a collective-bargaining agreement or dependent upon an interpretation of the agreement. *Id.* at 1509. Causes of action that only "tangentially involv[e]" a provision of a collective-bargaining agreement are not preempted by section 301. *Id.* (internal quotation omitted). Nor are causes of action which assert " 'nonnegotiable state-law rights ... independent of any right established by contract.' " *Miller v. A.T. & T. Network Sys.*, 850 F.2d 543, 546 (9th Cir.1988) (*Miller*), quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985) (*Allis–Chalmers*).

Fox argues that resolution of Ramirez's action, which she brought under the California Employment Act, will require interpretation of the Bargaining Agreement, which governs the terms of her employment. This argument goes against the clear weight of our precedent.

In every case in which we have considered an action brought under the California Employment Act, we have held that it is not preempted by section 301. *See Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir.1990) (*Cook*) (religious discrimination suit brought under California Employment Act not preempted); *Jackson*, 881 F.2d at 644 (racial discrimination suit brought under California Employment Act not preempted); *Chmiel*, 873 F.2d at 1286 (age discrimination suit brought under the California Employment Act not preempted); *Ackerman v. Western Elec. Co.*, 860 F.2d 1514, 1517–18 (9th Cir.1988) (*Ackerman*) (handicap discrimination suit brought under the California Employment Act not preempted); *see also*

*Miller*, 850 F.2d at 548–50 (handicap discrimination suit brought under similar Oregon statute not preempted). The logical question is why should we not apply this line of cases to Ramirez's charge of national origin discrimination?

Fox answers this question by arguing that these cases are distinguishable because the rights Ramirez asserts arise solely under her Bargaining Agreement. Fox misapprehends the right which Ramirez seeks to vindicate. She does not assert, as Fox suggests, the "right" to work Dodgers games or the "right" to be promoted. Rather, she asserts the right, afforded her by the California Employment Act, to be free from employment discrimination based on her national origin. *See* Cal.Gov't Code § 12940.

As we have held previously, the rights conferred by the California Employment Act are "defined and enforced under state law without reference to the terms of *any* collective bargaining agreement." *Chmiel*, 873 F.2d at 1286 (emphasis added). Actions asserting those rights are thus independent of collective-bargaining agreements. *Ackerman*, 860 F.2d at 1517. These rights are "nonnegotiable" and "cannot be removed by private contract." *Cook*, 911 F.2d at 240. Thus, the Bargaining Agreement neither created the right Ramirez asserts nor can it remove or alter that right.

Fox also argues that our prior cases are distinguishable because those cases did not require us to "reference" any bargaining agreements, and here we will have to "consider" the Bargaining Agreement. Preemption is appropriate, however, only when the provisions of a collective-bargaining agreement must be *interpreted*. *See Hayden*, 957 F.2d at 1509; *Jackson*, 881 F.2d at 644.

Fox errs in equating "reference" with "interpret." The resolution of Ramirez's action will not require the interpretation of the Bargaining Agreement. The Bargaining Agreement will likely be referred to by Ramirez and Fox to determine the terms and conditions of her employment. But her underlying cause of action is that Fox discriminated against her in applying and/or altering those terms and conditions. Although the

inquiry may begin with the Bargaining Agreement, it certainly will not end there.

 Ramirez's allegation that only Hispanics like herself needed to submit jury-service verification forms, for example, cannot be resolved by interpreting her Bargaining Agreement. The Bargaining Agreement may be crystal clear—that all or no employees need such verification forms—but Fox nonetheless may have ignored the Bargaining Agreement in Ramirez's case or applied it to her in a discriminatory manner. Thus, reference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms. If it were, all discrimination actions brought by unionized employees would be preempted because the starting point for every case would have to be the agreement. Although the line between reference to and interpretation of an agreement may be somewhat hazy, merely referring to an agreement does not threaten the goal that prompted preemption—the desire for uniform interpretation of labor contract terms. *See Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04, 82 S.Ct. 571, 576–77, 7 L.Ed.2d 593 (1962).

 Examining the cases relied upon by Fox strengthens our conviction that Ramirez's action is not preempted. For example, Ramirez's case is different from *Schlacter–Jones v. General Telephone of California*, 936 F.2d 435 (9th Cir.1991), which involved a privacy claim brought under the California constitution by an employee who challenged her employer's drug-testing policy. As we indicated, the right to privacy did not encompass the absolute right to be free from drug testing; thus, drug testing could be the subject of a bargaining agreement. *Id.* at 442. Determining whether the employee's privacy rights were violated, therefore, required examining and interpreting the agreement to ascertain under what circumstances an employee could be tested for drug use. *See id.* The right asserted by Ramirez, by contrast, cannot be modified by agreement. She cannot be discriminated against under certain conditions; hence it would be nonsensical to look to the terms of the Bargaining Agreement to determine if the alleged discrimination against Ramirez is excusable under the terms of that agreement.

*Allis–Chalmers*, also relied upon by Fox, is equally instructive. In the passage quoted by Fox in its brief, the Court stated that "state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are preempted by those agreements." 471 U.S. at 213, 105 S.Ct. at 1912. The right to be free from discrimination, however, *does* exist independently of private agreements and cannot be altered or waived. *See Cook*, 911 F.2d at 240. The Court in *Allis–Chalmers* stated that preemption analysis must focus on whether the state law at issue "confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, *or, instead*, whether evaluation of the ... claim is inextricably intertwined with consideration of the terms of the labor contract." 471 U.S. at 213, 105 S.Ct. at 1912 (emphasis added). The Court's use of the phrase "or, instead," appears to indicate that where, as here, nonnegotiable rights exist independently of rights established by contract, evaluation of the claim asserted does not require consideration of the terms of any bargaining agreements. If such consideration is not required, in turn, preemption is obviously inappropriate. *See Miller*, 850 F.2d at 546.

For the foregoing reasons, we conclude that Ramirez's state-law discrimination cause of action is not preempted by section 301. The district court therefore lacked jurisdiction over her case and erred by denying her motion to remand.

## IV

 The district court imposed a sanction of $150 on Ramirez's attorney for filing, in opposition to Fox's summary judgment motion, "an incredibly bad set of papers which simply constituted a reargument of the remand motion. As a matter of fact, all [Ramirez's attorney] did was change the title." Although the district court did not cite any authority when imposing the sanction, it

seems clear that the court was relying on Rule 11 of the Federal Rules of Civil Procedure.

We review sanctions imposed pursuant to Rule 11 for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990); *Lockary v. Kayfetz*, 974 F.2d 1166, 1169 (9th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 2397, 124 L.Ed.2d 298 (1993). As the Supreme Court explained in *Cooter & Gell,* the "central purpose of Rule 11 is to deter baseless filings. . . . Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact [and] legally tenable. . . ." 496 U.S. at 393, 110 S.Ct. at 2454. "[T]he applicable standard is one of reasonableness under the circumstances." *Business Guides, Inc. v. Chromatic Communications Enters.,* 498 U.S. 533, 551, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991).

Ramirez's attorney filed the identical brief in opposition to Fox's motion for summary judgment that he had filed in support of Ramirez's remand motion. In both sets of papers, the only argument made was that section 301 did not preempt Ramirez's state-law claim. While that argument is obviously relevant to the remand issue, it was irrelevant to the summary judgment motion.

By the time the summary judgment motion was made, the district court had already determined that section 301 preempted Ramirez's claim. The issue presented in the summary judgment motion, therefore, was whether Ramirez could bring a successful claim under section 301. Fox argued that her claim was barred because she failed to pursue the grievance procedure established in the Bargaining Agreement and because the claim was time-barred. The opposition to summary judgment filed by Ramirez's attorney did not address these arguments.

That opposition is more accurately characterized as a motion to reconsider Ramirez's remand request. Presenting such a motion in the guise of a response to summary judgment, however, was improper and impertinent. We hold that the district court acted within its discretion in sanctioning Ramirez's attorney in the amount of $150.

The district court's award of sanctions is affirmed. The court's dismissal is reversed, and the case is remanded with directions to remand Ramirez's case to state court. Each side shall bear its own appeal costs.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

CYNTHIA HOLCOMB HALL, Circuit Judge, dissenting in part:

I concur in Parts I–III of the majority opinion, but dissent from Part IV. I disagree with the majority that the district court properly exercised its discretion in sanctioning Ramirez's attorney.

Although Ramirez's attorney was remiss in simply changing the title of his motion papers and submitting the same set of papers twice, I can not agree with the majority that the attorney's conduct was "impertinent". Under the circumstances of this case, the attorney acted within reason. *See Business Guides, Inc. v. Chromatic Communications Enters.,* 498 U.S. 533, 550–52, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991). Considering the undisputed facts, the attorney could have made no plausible, good faith argument in opposition to Fox's summary judgment motion. His only tenable argument was that the district court's prior preemption determination was erroneous. Thus, the attorney's conduct was not "clearly frivolous, legally unreasonable, or without legal foundation." *Operating Eng'rs Pension Trust v. A–C Co.,* 859 F.2d 1336, 1344 (9th Cir.1988). Indeed, we have today decided that the district court's preemption determination was in error.

Finally, I would also note that the attorney's conduct is at least in part attributable to Fox's failure to move simultaneously for removal and dismissal. Thus, I would reverse the district court's imposition of a sanction against Ramirez's attorney.