**Richard SCHAFER et al.,**
**Plaintiff–Appellants,**

v.

**SEA–LAND SERVICE, INC., et**
**al., Defendant–Appellees.**

No. 99–35953.

D.C. No. CV–98–05593–FDB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2001.*

Decided June 8, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

952

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Richard and Karen Schafer (Schafer) appeal from the district court's summary

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

judgment for Sea–Land Service, Inc., et al. (Sea–Land). The district court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo. *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 405 (9th Cir.1997). We affirm.

■ Schafer does not dispute that he failed to follow the collective bargaining agreement's grievance procedure as to his claim for "wrongful and discriminatory termination." *See Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 219–21, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (recognizing that failure to follow established grievance procedures for tort claims results in the dismissal of such claims). Schafer argues that he was not required to follow such procedures because he was "emotionally disabled" under the Americans with Disabilities Act (ADA) and Washington Law Against Discrimination (WLAD). However, Schafer failed to bring a claim under the ADA or the WLAD. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

■ Schafer also argues that the district court erred in asserting jurisdiction over Schafer's claims for defamation, intentional infliction of emotional distress, invasion of privacy, and tortious interference with Schafer's employment contract. We review the existence of subject matter jurisdiction de novo. *Hydrostorage, Inc. v. N. Cal. Boilermakers Local Joint Apprenticeship Comm.*, 891 F.2d 719, 724 (9th Cir.1989). Removal to federal district court is proper if the action could have been brought originally in federal court, 28 U.S.C. § 1441(a).

■ Section 301 of the Labor Management Relations Act (LMRA) provides for complete preemption of claims "based upon a collective-bargaining agreement or dependent upon an interpretation of the agreement." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748–49. A claim that is completely preempted is considered to have arisen under federal law. *Id.* at 747. Schafer's claim of tortious interference with his employment contract falls into this category. *See Bale v. Gen. Tel. Co. of Cal.*, 795 F.2d 775, 779 (9th Cir.1986). Because resolution of Schafer's intentional infliction of emotional distress claim "requires inquiry into the appropriateness of the defendant's behavior," the terms of the collective bargaining agreement are relevant to its resolution. *Miller v. AT & T Network Sys.*, 850 F.2d 543, 550 (9th Cir.1988). Thus, this claim is also completely preempted by the LMRA. *See id.*

■ A district court has jurisdiction over state claims sharing " 'a common nucleus of operative fact[s]' " with federal claims. *Bale*, 795 F.2d at 778, *quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Schafer's defamation claim is based on his assertions that statements made by Purkhiser were "for the purpose of furthering the conspiracy of the supervisors and co-workers to have the plaintiff fired". Schafer's invasion of privacy claim is based on the use by Murphy and Beattie of medical records to obtain a restraining order for Beattie's protection from Schafer following his termination. Schafer alleged in his complaint that the medical records were "cooked" as part of the conspiracy "to get rid" of him. The allegations of conspiracy and retaliation bring all of Schafer's claims into a common nucleus of operative facts.

The district court's decision to retain jurisdiction over pendant claims after federal claims have been dismissed is reviewed for abuse of discretion. *See id.* at

779. Here, we hold that there was no such abuse.

AFFIRMED

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir.R.36–3.