**Roy BROCE, Plaintiff—Appellant,**

v.

**ARCO PIPE LINE COMPANY, Defendant—Appellee.**

No. 00–56879.

D.C. No. CV–97–03809–WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 3, 2002.

Before BEEZER and WARDLAW, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

Roy Broce ("Broce") appeals the district court's summary judgment in favor of defendant ARCO Pipe Line Company ("ARCO") in an employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We hold that the district court lacked subject matter jurisdiction over the case, which was removed from state court, and accordingly vacate and remand.

I

Broce commenced this action in California state court, asserting claims of discrimination, retaliation and harassment on the basis of age and veteran status in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Govt.Code § 12940 *et seq.* Broce did not object when ARCO removed the case to federal court. Three years later, after discovery had been completed, the district court granted ARCO's motion for summary judgment on all of Broce's claims.

II

■ Although the district court's subject matter jurisdiction has not until now been questioned, defects in subject matter jurisdiction are nonwaivable and must be addressed even if raised for the first time on appeal. *Galvez v. Kuhn,* 933 F.2d 773, 775 n. 4 (9th Cir.1991). We review de novo whether subject matter jurisdiction exists in a removal case. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1194 (9th Cir.1988). Here, where the plaintiff did not object to removal and the case was finally adjudicated on summary judgment, the question presented is not whether removal in the first instance was proper but whether the district court had jurisdiction at the time the district court issued its judgment. *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 342 (9th Cir.1996).

In its summary judgment order, the district court explicitly found subject matter jurisdiction on the basis of diversity of citizenship. Both parties concede that diversity of citizenship does not exist, and there is no evidence in the record to support the district court's finding. ARCO instead asserts two bases for federal question jurisdiction: that the claims for veteran status discrimination necessarily arise under federal law and that all of the claims of discrimination are completely preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Neither ground is sustainable.

■ ARCO argues that the veteran status discrimination claims, though expressly stated under FEHA, necessarily arise under federal law because only federal law recognizes such claims. *See* 38 U.S.C. § 4311(b). This argument ignores two basic principles of jurisdictional analysis. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386,

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citation omitted). The plaintiff is "master of the claim" and can avoid federal jurisdiction by exclusive reliance on state law. *Id.* Broce's intent is clear; he seeks relief for alleged veteran status discrimination only under state law. As master of the claim, Broce avoided federal jurisdiction by not relying on the federal statute recognizing a claim of veteran status discrimination.

■ ARCO's second basis for federal question jurisdiction is equally unavailing. Section 301 of the LMRA provides for complete preemption of claims "based upon a collective-bargaining agreement or dependent upon an interpretation of the agreement." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) (citation omitted). A claim that is completely preempted is considered to have arisen under federal law. *Id.* at 747. Claims that only tangentially involve a provision of a collective bargaining agreement are not preempted. *Id.* at 748.

Broce alleged that he was "being singled out and discriminated against" because of his age and veteran status. His claims of discrimination do not depend on the question whether ARCO violated the collective bargaining agreement, which would require interpretation of the agreement. Broce's claims instead hinge on whether ARCO discriminated against Broce in *applying* the provisions in the collective bargaining agreement. There is a significant distinction between claims that require interpretation of the collective bargaining agreement and are preempted, and claims that tangentially reference it and are not preempted. *See Ramirez*, 998 F.2d at 748–49 (finding no preemption where discrimination claim "references" or "requires consideration" of the collective bargaining agreement).

We have held on numerous occasions that FEHA employment discrimination claims were not preempted by the LMRA. *See Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1522 (9th Cir.1995); *Ramirez*, 998 F.2d at 748–49; *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir.1990); *Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 644 (9th Cir.1989); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285 (9th Cir.1989); *Ackerman v. Western Elec. Co.*, 860 F.2d 1514, 1517 (9th Cir. 1988). The reasoning in those cases applies here as well and compels the same result. Broce's claims are not preempted.

### III

The district court lacked subject matter jurisdiction when it granted ARCO's motion for summary judgment. We vacate the summary judgment and remand to the district court with instructions to remand the case to the state court from which it was removed. Each party is to bear its own costs.

VACATED and REMANDED.