**Richard PALMER, Plaintiff— Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant—Appellee.**

**No. 01–55498.**

**D.C. No. CV–01–00917–FMC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2002.

Decided Jan. 9, 2003.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge and WEINER, Senior District Judge.*

MEMORANDUM **

■ Richard Palmer appeals the district court's dismissal of his pro se action against his employer, the United States Postal Service, after a dispute over his assigned work schedule. The district court dismissed without prejudice for failure to exhaust administrative remedies under the relevant collective bargaining agreement. Such dismissal constitutes a final order when "there is no indication that an amendment would have cured the 'defect' in [the] complaint." *See Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir.1993). We have jurisdiction under 28 U.S.C. § 1291.

The district court was correct in dismissing the breach of contract claim because contractual grievance procedures are the exclusive remedy for federal employees. *See Republic Steel Corp. v. Mattox*, 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The plaintiff failed to plead exhaustion, and nothing in the record indicates that he in fact exhausted such remedies in the first instance.

■ The plaintiff, however, also attempted to plead a claim of discrimination on the basis of race, sex, and age. There is no exhaustion requirement for such claims. *See Williams v. Owens–Illinois, Inc.*, 665 F.2d 918, 932 (9th Cir.1982). Indeed, the government in removing the complaint, originally filed in state court, referred to it as a discrimination complaint. There is thus no merit to the government's contention that the plaintiff filed only a contract claim. Because complaints are to be construed liberally in favor of pro se litigants, *see, e.g., Ford v. Hubbard*, 305 F.3d 875, 883–84 (9th Cir. 2002), the district court erred in dismissing the plaintiff's complaint insofar as it alleged a claim of discrimination.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS. Each party shall bear its own costs on appeal.

■

---

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.