Dan SCHRADER, an individual, Plaintiff—Appellee,

v.

NOLL MANUFACTURING COMPANY, a California corporation; Bruce Couturier, Defendants—Appellants.

No. 02–17401.
DC No. CV 02–1262 DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2004.*

Decided Feb. 25, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Fredrick A. Hagen, Van De Poel & Levy, LLP, Walnut Creek, CA, for plaintiff–appellee.

Howard Alan Sagaser, Michael S. Helsley, Sagaser, Franson & Jones, Fresno, CA, for defendant–appellant.

Before TASHIMA and CLIFTON, Circuit Judges, and LEIGHTON, District Judge.**

## MEMORANDUM ***

Dan Schrader, a union truck driver, brought this employment discrimination suit in state court against his employer, Noll Manufacturing Co. ("Noll"), and its plant manager, Bruce Couturier, under California's Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov.Code § 12940. Schrader alleged in his complaint that Noll and Couturier invoked the drug testing provisions of his collective bargaining agreement ("CBA") as a pretext for discriminating against him on the basis of his age and disability, and in retaliation for his filing of a workers' compensation claim. Noll and Couturier removed the action to federal court on the ground that Schrader's discrimination claims were preempted by § 301 of the Labor Management and Relations Act ("LMRA"). 29 U.S.C. § 185(a). Schrader moved to remand the case back to state court. The district court granted Schrader's motion and awarded him $9,960.22 in attorney's fees and costs, finding that the defendants' grounds for removal were "weak." Acknowledging that the remand order itself is not reviewable, *see* 28 U.S.C. § 1447(d), Noll and Couturier appeal only the district court's order awarding attorney's fees and costs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's award of fees and costs on a motion to remand for abuse of discretion. *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1105 (9th Cir.2000). A district court necessarily abuses its discretion insofar as its award of fees and costs is based on an erroneous application of law in the underlying remand order. *Moore v. Permanente Medical Group*, 981 F.2d 443, 447 (9th Cir.1992). Therefore, in order to review the district court's fees and costs award, we must review the remand order, which we review *de novo*. *Balcorta*, 208 F.3d at 1106.

Noll and Couturier contend that Schrader's FEHA claims are removable because they are completely preempted by § 301 of

---

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the LMRA. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393–94, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (holding that state law causes of action that are completely preempted by the LMRA are removable pursuant to 28 U.S.C. § 1441). State law claims are completely preempted by § 301 only where they cannot be resolved without interpreting the terms of a CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409–10, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

We have consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301. *See, e.g., Ackerman v. W. Elec. Co.*, 860 F.2d 1514, 1517 (9th Cir.1988) (finding no § 301 preemption of FEHA disability discrimination claim because the right not to be discriminated against because of physical handicap is "defined and enforced under state law without reference to the terms of any collective bargaining agreement"); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286–87 (9th Cir.1989) (finding no § 301 preemption of FEHA age discrimination claim because the statute creates a "mandatory and independent state right"); *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir. 1990) (finding no § 301 preemption of FEHA religious discrimination claim because "the right not to be discriminated against on the basis of religion cannot be removed by private contract"). This is true even where the CBA closely regulates the conduct that the plaintiff claims to be discriminatory. *See Ramirez v. Fox Television Station*, 998 F.2d 743, 749 (9th Cir. 1993) (finding no § 301 preemption of FEHA national-origin discrimination claim where plaintiff alleged that the defendant discriminated against her by failing to promote her and denying her preferred assignments, even though promotion and job assignment were explicitly governed by the CBA).

There is no reason to distinguish this case from *Ramirez*. Schrader's complaint, like the complaint in *Ramirez*, concerns the alleged discriminatory enforcement of the terms of his CBA, not the substance of the terms themselves. Therefore, as the district court noted, it would not be necessary to interpret the terms of the CBA in order to adjudicate Schrader's discrimination claims, because they "turn on the defendants' motives, rather than their contractual rights." *See id.* ("The [CBA] may be crystal clear ... but Fox nonetheless may have ignored [it] in Ramirez's case or applied it to her in a discriminatory manner").

The fact that the terms of the CBA may be relevant to *rebut* Schrader's claim that the drug test requirement was applied to him in a discriminatory manner does not change the result. A defendant cannot create removal jurisdiction merely by identifying a defense based on the terms of the CBA. *See Humble v. Boeing Co.*, 305 F.3d 1004, 1008 (9th Cir.2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 992 (9th Cir.2001). Rather, "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Cramer v. Consolidated Freightways Inc.*, 255 F.3d 683, 691(9th Cir.2001) (en banc). Because Schrader did not challenge the substance of the drug testing requirement, but only the defendant's motives in invoking it, the need to interpret the terms of the CBA does not "inhere" in the nature of his claim.

Defendants' challenge to the district court's award of attorney's fees and costs depends entirely on their contention that the district court erred in granting the remand order. It did not. Because the district court's remand order was proper,

it acted within its discretion when awarding attorney's fees and costs.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.