Esteban VALLES; Esteban Valles, Jr.; Raymond Galaviz; Nino De Franco; Liza Ramirez, Plaintiffs—Appellants,

v.

**TWENTIETH CENTURY–FOX FILM CORPORATION; Does, 1–50, inclusive, Defendants—Appellees.**

No. 02–57149.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2004.*

Decided June 18, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John L. Simonson, Joaquin A. Sosa, Esq., Sosa, Simonson & Associates, Van Nuys, CA, for Plaintiffs–Appellants.

Ann K. Calfas, Mykhanh P. Shelton, Esq., Los Angeles, CA, for Defendants–Appellees.

Before: TASHIMA, MCKEOWN, and BYBEE, Circuit Judges.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM **

Plaintiffs–Appellants, Esteban Valles, Esteban Valles, Jr., Raymond Galaviz, Nino De Franco, and Liza Ramirez (collectively, "Appellants") filed a complaint in state court alleging that Defendant–Appellee, Twentieth Century–Fox Film Corporation ("Twentieth Century") violated the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, by discriminating against them on the basis of race and national origin in terminating their employment.[1] Twentieth Century removed the action to federal court on the ground that Appellants' claims were preempted by § 301 of the Labor Management and Relations Act ("LMRA"), 29 U.S.C. § 185(a). It then moved to dismiss the action or, alternatively, for summary judgment, contending that the action was barred by the LMRA's statute of limitations. The district court dismissed the action and Appellants appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We have consistently held that state discrimination claims brought under FEHA are not preempted by the LMRA. See, e.g., Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1522–28 (9th Cir.1995) (concluding that the LMRA did not preempt a state law claim for physical disability discrimination in employment brought under FEHA); Ramirez v. Fox Television Station, 998 F.2d 743, 748–49 (9th Cir.1993) (concluding that a FEHA claim of employment discrimination based on national origin was not preempted by the LMRA); Jackson v. S. Cal. Gas Co., 881 F.2d 638, 644 (9th Cir. 1989) (concluding that a FEHA claim of

---

1. Because the parties are familiar with the facts, we do not discuss them here except as necessary to aid in understanding this disposition.

racial discrimination in employment was not preempted by the LMRA because "enforcement of the state discrimination statutes would not require interpretation of any of the provisions of the collective bargaining agreement [CBA]"); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir.1989) (stating that "California's age discrimination law is a nonnegotiable right ... defined and enforced under state law without reference to the terms of any [CBA]" and therefore concluding that a FEHA age discrimination claim was not preempted by the LMRA). In fact, "[i]n every case in which we have considered an action brought under [FEHA], we have held that it is not preempted by section 301." *Ramirez*, 998 F.2d at 748.

Contrary to Twentieth Century's arguments, Appellants' claims constitute a freestanding claim of discrimination dependent on state law, not on the CBA. Twentieth Century fails to explain how any of the CBA provisions it cites apply to Appellants' claims. The district court accordingly erred in concluding that Appellants' claims are preempted by the LMRA. We therefore reverse the order of dismissal and remand to the district court with directions to remand the case back to state court.

**REVERSED and REMANDED.**