

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| TRACI K. HEPLER, | No. 10-55068 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-04804-CAS-E |
| v. | |
| CALIFORNIA RECONVEYANCE COMPANY; et al., | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| FIDELITY NATIONAL ASSET MANAGEMENT SOLUTIONS, INC., Erroneously Sued As Fidelity National Asset Management, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 19, 2011[**]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Traci K. Hepler appeals pro se from the district court's summary judgment in her action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (summary judgment); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (denial of motion to remand to state court). We affirm.

The district court properly granted summary judgment to Washington Mutual Bank and California Reconveyance Company for the reasons stated by the district court in its order filed on November 4, 2008.

The district court properly granted summary judgment to Greenpoint Mortgage Funding, Inc. for the reasons stated by the district court in its order filed on April 17, 2009.

The district court did not abuse its discretion by striking the claims against Washington Mutual in Hepler's third amended complaint because Hepler filed it after the district court had entered judgment in favor of Washington Mutual on

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Hepler's request for oral argument is denied.

10-55068

Hepler's second amended complaint. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (judgment must be reopened before plaintiff can amend complaint); *see also Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) ("A district court's grant of a motion to strike is reviewed for an abuse of discretion.").

The district court properly denied Hepler's motion to remand because the district court had federal question jurisdiction and Hepler failed to raise timely objections to any other defects in the removal. *See* 28 U.S.C. § 1441(b) (allowing removal of a civil action alleging a claim arising under federal law); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").

Hepler's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Hepler's motion to file an oversized reply brief is granted.

**AFFIRMED.**