**NOT FOR PUBLICATION**

JAN 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GALE-LAWRENCE WEBB, | No. 11-16902 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02445-SRB |
| v. | |
| CITIMORTGAGE INCORPORATED, named as: CitiMortgage Inc.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Gale-Lawrence Webb appeals pro se from the district court's judgment

dismissing his action arising out of foreclosure proceedings.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *King v. California*, 784 F.2d 910,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

912 (9th Cir. 1986).  We affirm.

The district court properly dismissed Webb's Truth in Lending Act claim seeking damages as time-barred because the action was not filed within one year of the alleged violations.  *See* 15 U.S.C. § 1640(e) (an action for damages must be brought within one year of the alleged violation).

The district court properly dismissed Webb's state law claims against the Bosco defendants because Webb failed to allege facts showing that these defendants breached any obligation under the deed of trust or Arizona law.  *See* Ariz. Rev. Stat. § 33-807(E)  (stating that a "trustee is entitled to be immediately dismissed" from any action other than one "pertaining to a breach of the trustee's obligation").

The district court properly dismissed Webb's state law claims against CitiMortgage Inc. based on the substitution of trustee.  *See Vasquez v. Saxon Mortg., Inc., (In re Vasquez)*, 266 P.3d 1053, 1056-57 (Ariz. 2011) (concluding that there is no requirement that the beneficiary under a deed of trust record that deed prior to substituting a new trustee and beginning foreclosure proceedings).

Webb's contentions concerning securitization, a federal land patent, and defendants' standing to pursue non-judicial foreclosure are unpersuasive.

The district court properly denied Webb's motion to remand because the

11-16902

district court had federal question jurisdiction and Webb failed to raise any other defects in the removal in a timely manner. *See* 28 U.S.C. § 1441(a) (allowing removal of a civil action alleging a claim arising under federal law); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (setting forth standard of review).

**AFFIRMED.**