**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN SHAWN ERICKSON, | No. 11-35315 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05666-BHS |
| v. | |
| COUNTRYWIDE HOME LOANS INC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Ryan Shawn Erickson appeals pro se from the district court's judgment dismissing his action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *King v. California*, 784 F.2d 910,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

912 (9th Cir. 1986). We affirm in part, vacate in part, and remand.

The district court properly denied Erickson's motion to remand because the district court had federal question jurisdiction over Erickson's federal claims and supplemental jurisdiction over his state law claims that were part of the same case or controversy. *See* 28 U.S.C. § 1331 (federal question jurisdiction); *id.* § 1367(a) (supplemental jurisdiction); *id.* § 1441 (removal jurisdiction); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (setting forth standard of review).

The district court properly dismissed Erickson's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") because Erickson failed to allege specific facts showing a pattern of racketeering activity. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010) (discussing elements of a RICO claim and particularity requirements of Fed. R. Civ. P. 9(b)).

The district court properly dismissed Erickson's claims under the Real Estate Settlement and Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") as time-barred because Erickson filed his action more than three years after the alleged violations. *See* 12 U.S.C. § 2614 (prescribing at most a three-year statute of limitations for violations of RESPA); 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation); *see*

11-35315

*also King*, 784 F.2d at 915 (holding that "the limitations period in Section 1640(e) runs from the date of consummation of the transaction").

However, after the district court dismissed Erickson's wrongful foreclosure claim, the Washington Supreme Court decided *Bain v. Metropolitan Mortgage Group, Inc.*, 285 P.3d 34, 47 (Wash. 2012) (en banc), which held that, under Washington's Deed of Trust Act, Mortgage Electronic Registration System Inc. cannot be a "beneficiary" of a deed of trust if it never held the promissory note or other debt instrument secured by the deed of trust. Because the district court did not have the benefit of *Bain* when it issued its order of dismissal, we remand to allow the court to reconsider Erickson's wrongful foreclosure claim.

Erickson's contentions regarding "fraud upon the court" and judicial bias are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Erickson's requests for judicial notice are treated as citations of supplemental authorities under Fed. R. App. P. 28(j). To the extent that Erickson's filings seek to supplement the record with documents that were not presented to the district court, the requests are denied.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

11-35315