**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA DOUGLASS, | No. 16-56451 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02601-R-AGR |
| v. | |
| USAA CASUALTY INSURANCE, INC., a business entity, form unknown, Erroneously Sued As USAA Casualty Insurance Company; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Lisa Douglass appeals pro se from the district court's summary judgment

and dismissal order in her action alleging claims under the Fair Credit Reporting

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Douglass's request for oral argument, set forth in her opening brief, is denied.

Act and the California Consumer Credit Reporting Agencies Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (summary judgment); *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008) (dismissal under Federal Rule of Civil Procedure 12(b)(6)). We may affirm on any basis supported by the record. *Thompson*, 547 F.3d at 1058-59. We affirm.

The district court properly granted summary judgment for TransUnion LLC ("TransUnion") and Equifax Information Services LLC ("Equifax") on Douglass's claims under 15 U.S.C. §§ 1681e(b) and 1681i regarding Douglass's USAA MasterCard account and a Bank of America credit inquiry because Douglass failed to raise a genuine dispute of material fact as to whether either consumer reporting agency prepared a report containing inaccurate information. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("[A] plaintiff filing suit under section 1681i must make a prima facie showing of inaccurate reporting." (citation and internal quotations marks omitted)); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." (citation omitted)).

Summary judgment for TransUnion and Equifax on Douglass's claim under 15 U.S.C. § 1681e(b) regarding Douglass's two other USAA accounts was proper because Douglass failed to raise a triable dispute as to whether either consumer reporting agency's procedures in assuring the maximum possible accuracy of information reported to it were unreasonable. *See Guimond*, 45 F.3d at 1333 ("Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information.").

Summary judgment for TransUnion and Equifax on Douglass's claim under 15 U.S.C. § 1681i regarding Douglass's two other USAA accounts was proper because Douglass failed to raise a triable dispute as to whether she disputed the accuracy of these accounts with either consumer reporting agency. *See* 15 U.S.C. § 1681i(a)(1)(A) (setting forth requirement that a credit reporting agency shall conduct a reasonable reinvestigation only after the consumer notifies it that he or she disputes the completeness or accuracy of any item of information contained in the consumer's file).

The district court properly granted summary judgment for TransUnion and Equifax on Douglass's claim under 15 U.S.C. § 1681b(a)(3) because Douglass failed to raise a triable dispute as to whether either consumer reporting agency had no "reason to believe" it provided a consumer report to a person or entity without a

permissible purpose.  *See* 15 U.S.C. § 1681b(a)(3) (enumerating the permissible purposes for procuring a consumer report).

The district court properly granted summary judgment for TransUnion and Equifax on Douglass's claim under 15 U.S.C. § 1681g because Douglass failed to raise a triable dispute as to whether either consumer reporting agency failed to disclose all information in Douglass's file upon her request.  *See* 15 U.S.C. § 1681g (describing a consumer reporting agency's disclosure obligations).

The district court properly granted summary judgment for the USAA defendants on Douglass's claim under 15 U.S.C. § 1681s-2(b) because Douglass failed to raise a triable dispute as to whether the USAA defendants' investigation upon notice from TransUnion and Equifax of Douglass's dispute was unreasonable.  *See* 15 U.S.C. § 1681s-2(b) (describing a furnisher's obligation to conduct an investigation after receiving notice of a dispute with regard to the completeness and accuracy of any information a furnisher provided to a consumer reporting agency); *Gorman*, 584 F.3d at 1157 (a furnisher's investigation must be reasonable).

The district court properly granted summary judgment for the USAA defendants on Douglass's claim under Cal. Civ. Code § 1785.25(a) because Douglass failed to raise a triable dispute as to whether any of the USAA

defendants furnished information to a consumer reporting agency that it knew or should have known was incomplete or inaccurate. *See* Cal. Civ. Code § 1785.25(a).

Dismissal of Douglass's claim under 15 U.S.C. § 1681s-2(b) against Bank of America was proper because Douglass failed to allege sufficient facts to show that a consumer reporting agency sent a notice of dispute to Bank of America. *See Gorman*, 584 F.3d at 1154 (the duties under § 1681s-2(b) arise only after the furnisher receives notice of the consumer's dispute from a credit reporting agency).

The district court properly dismissed Douglass's claim under Cal. Civ. Code § 1785.25(a) against Bank of America because Douglass failed to allege sufficient facts to show that Bank of America knew or should have known it reported any incomplete or inaccurate information about a credit inquiry. *See* Cal. Civ. Code § 1785.25(a).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009) (setting forth standard of review and explaining that denial of leave to amend is appropriate where amendment would be futile).

The district court properly denied Douglass's motion to remand because the district court had federal question jurisdiction over Douglass's federal claims and supplemental jurisdiction over her state law claim that was part of the same case or

controversy. *See* 28 U.S.C. § 1331 (federal question jurisdiction); *id.* § 1367(a) (supplemental jurisdiction); *id.* § 1441 (removal jurisdiction); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (setting forth standard of review).

We lack jurisdiction to consider the district court's bill of costs and order denying Douglass's motion for disqualification because Douglass failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

Contrary to Douglass's contention, the district court did address her motions to set aside its dismissal order and vacate the judgment for Bank of America and denied both motions.

We reject as unsupported by the record Douglass's contentions concerning judicial bias and the denial of due process and equal protection.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983 n. 2 (9th Cir. 2009).

**AFFIRMED.**

16-56451