NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILEY SHREVE SWEARINGEN, | No. 20-35148 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00586-CL |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted August 17, 2021[**]

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Wiley Shreve Swearingen appeals pro se from the district court's judgment

dismissing his action arising from a tax lien imposed by the Internal Revenue

Service ("IRS") to collect unpaid taxes. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (denial of motion for remand to state court). We affirm.

The district court properly dismissed Swearingen's claims for damages because Swearingen failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also* 26 U.S.C. § 7433(a), (d)(3) (civil action for damages against the United States is taxpayer's exclusive remedy for unlawful tax collection; such action may be brought "only within 2 years after the date the right of action accrues"); 26 C.F.R. § 301.7433-1(g)(2) (a cause of action under § 7433 accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action").

The district court properly dismissed Swearingen's claims for injunctive and equitable relief because such claims are barred by the Anti-Injunction Act (the "Act") as the claims are an attempt to restrain the IRS's tax assessment and collection activities, and no exception to the Act applies. *See* 26 U.S.C. § 7421(a) (listing statutory exceptions); *Elias v. Connett*, 908 F.2d 521, 523, 525 (9th Cir. 1990) (explaining that the district court "must dismiss for lack of subject matter

jurisdiction any suit that does not fall within one of the exceptions to the Act" and setting forth limited judicial exception).

The district court properly denied Swearingen's motion for remand to state court because the district court had federal question jurisdiction and Swearingen failed to establish any defect in the removal. *See* 28 U.S.C. § 1441(c) (allowing removal of a civil action alleging a claim arising under federal law), § 1447(c) (permitting motion to remand on the basis of any defect other than lack of subject matter jurisdiction).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The government's motion for sanctions in the amount of $8,000 (Docket Entry No. 11) is granted. *See* Fed. R. App. P. 38; *Grimes v. Comm'r*, 806 F.2d 1451, 1454 (9th Cir. 1986) ("Sanctions are appropriate when the result of an appeal is obvious and the arguments are wholly without merit.").

Swearingen's motion to exceed word limit (Docket Entry No. 24) is granted.

20-35148

All other pending motions and requests are denied.

**AFFIRMED.**