# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KATHY BLIESNER,
             *Plaintiff-Appellant,*

          v.

THE COMMUNICATION WORKERS OF
AMERICA; VERIZON NORTHWEST
INC., fka GTE Northwest
Incorporated,
             *Defendants-Appellees.*

No. 04-35702

D.C. No.
CV-02-00256-EJL

OPINION

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted
May 4, 2006—Portland, Oregon

Filed September 13, 2006

Before: A. Wallace Tashima and William A. Fletcher,
Circuit Judges, and Louis H. Pollak,* Senior District Judge.

Opinion by Judge William A. Fletcher

---

*The Honorable Louis H. Pollak, Senior United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

**COUNSEL**

Rami Amaro, Coeur d'Alene, Idaho, for the appellant.

Alan C. Herzfeld, Herzfeld & Piotrowski, Boise, Idaho, Richard Rosenblatt, Greenwood Village, Colorado, for appellee The Communication Workers of America.

Timothy J. O'Connell, Stoel Rives, Seattle, Washington, Marla Henken, Stoel Rives, Boise, Idaho, for appellee Verizon Northwest Inc., fka GTE Northwest Incorporated.

**OPINION**

W. FLETCHER, Circuit Judge:

Plaintiff Kathy Bliesner brings a hybrid fair representation/§ 301 suit against her union and her employer, alleging that her union breached its duty of fair representation in violation of the National Labor Relations Act and that her employer breached its collective bargaining agreement ("CBA") in violation of § 301(a) of the Labor Management Relations Act. The district court granted summary judgment against Bliesner on the ground that she had failed to establish that her employer breached the CBA. The district court did not address the question of whether the union breached its duty of fair representation.

Bliesner contends on appeal that the district court should not have reached the question of her employer's obligation

under the CBA without first addressing the question of her union's duty of fair representation. We disagree. Bliesner had to prevail on both questions in order to survive the motion for summary judgment. We hold that the district court was not required to decide the questions in any particular order, and that it properly granted summary judgment against Bliesner after holding that the employer had not breached the CBA.

We also reject Bliesner's other claims of error.

## I.   Background

Bliesner began working for Verizon (then GTE) in 1969. She held various positions throughout her employment with the company. The Communication Workers of America ("CWA") represented Verizon employees. In 1995, Bliesner was laid off from her position as an Analytical Assistant in Coeur d'Alene, Idaho, pursuant to a reduction in force.

Under the terms of the governing 1992-1995 CBA, a senior employee could exercise "bumping" rights against a junior employee after a reduction in force, so long as the bumping employee could be trained for the new position within the requisite time. Section 14.5.2 of the CBA provided:

> Employees who have previously held the job or performed all or a substantial portion of the duties required by the position will be provided with refresher training on-the-job for up to one (1) week. Employees who have no related experience but the requirements of the job are such that they can be readily learned without formal training shall be given up to one (1) week of on-the-job training.

Bliesner sought to "bump" into an Analytical Assistant position in Verizon's Facilities Assignment Center in Moscow, Idaho. It is undisputed that this position required knowledge of (1) paying bills and reporting expenses using an

established code system; (2) entering payroll information; (3) maintaining employee information records; (4) using telemail; (5) drafting company correspondence; (6) using Lotus 1-2-3 to develop and enter information into spreadsheets; (7) ordering and maintaining inventory on the Service Express System; (8) making line assignments using the internal systems known as MARK and SODA; (9) performing word processing tasks with WordPerfect; and (10) tracking employee vacation, overtime, and sick time.

In her deposition, Bliesner admitted that she had no experience with paying bills or invoices under Verizon's billing codes and systems; had only limited knowledge of how to process expense reports; had never used the Horizon computer system, which maintains employee information; had never processed employee performance reviews; had never used telemail; had only limited knowledge of Lotus 1-2-3; had no familiarity with the basic functions of the Service Express System; had no knowledge of the MARK or SODA systems; had only very limited experience with WordPerfect; and had never handled or processed other employees' Family Medical Leave Act requests or expense reports. Bliesner later stated in an affidavit that she had experience with Tmail, which is the same as telemail.

Peter Spellman, the supervisor of the Moscow facility, interviewed Bliesner for the position and concluded that she was not qualified for the bump. On November 21, 1995, a bump denial form was issued. The bump was denied on the ground that due to Bliesner's lack of experience and knowledge, she "would require substantial formal and or on the job training."

Bliesner, represented by CWA, filed a grievance. Grievances were handled under the CBA in a three-step process. At the completion of the third step, on March 19, 1996, Verizon denied Bliesner's grievance. Under the CBA, arbitration could be requested within thirty days of the completion of the

three-step process. CWA requested arbitration on Bliesner's behalf on April 5, 1996.

Almost three years later, on March 25, 1999, CWA told Bliesner that it had decided not to pursue her claim to arbitration because it did not think the claim would be successful. Bliesner appealed the decision within the union. As a result of the appeal, CWA agreed to proceed to arbitration. It assigned an attorney to her case in November 2000. In December 2001, the arbitrator denied Bliesner's claim on the ground that CWA had not timely pursued her grievance in arbitration.

Bliesner then filed a hybrid fair representation/§ 301 complaint against CWA and Verizon in federal district court. She alleged (1) that CWA had breached its duty of fair representation, and (2) that Verizon had breached the CBA. The district court granted summary judgment to both CWA and Verizon, holding that Bliesner had not shown that Verizon had breached the CBA in denying her bumping request. Because it concluded there had been no breach of the CBA by Verizon, the district court did not address the question of whether CWA had breached its duty of fair representation.

Bliesner timely appealed to this court.

## II. Standard of Review

We review de novo a district court's grant of summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). We must determine whether the district court properly applied the relevant substantive law and whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We may affirm on any ground supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004).

### III.   Discussion

Bliesner objects to the grant of summary judgment on several grounds. We address each in turn.

### A.   Order of Deciding Questions in a "Hybrid" Suit

**[1]** A union owes a duty of fair representation to those it represents, and an employer must honor the terms of a CBA to which it is a party. An aggrieved party may bring a hybrid fair representation/§ 301 suit against the union, the employer, or both. In order to prevail in any such suit, the plaintiff must show that the union and the employer have both breached their respective duties.

**[2]** The Supreme Court has described a hybrid fair representation/§ 301 suit as follows:

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.

*Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983) (citations and internal quotations omitted; alteration in the original). Whether the defendant is the union or the employer, the required proof is the same: The plaintiff must show that there has been both a breach of the duty of fair representation and a breach of the CBA. *Id.*

**[3]** Bliesner contends that the district court erred by deciding that Verizon did not breach the CBA without first deciding whether CWA breached its duty of fair representation. It is true that a breach of a duty of fair representation by the union is a necessary prerequisite to a successful suit against the employer for a breach of the CBA. *See*, *e.g.*, *Buford v. Runyon*, 160 F.3d 1199, 1201 (8th Cir. 1998) ("To prevail on her claim for breach of the collective bargaining agreement, Buford must show, as a prerequisite, that the Union breached its duty of fair representation."); *Vadino v. A. Valey Engr's*, 903 F.2d 253, 261 (3d Cir. 1990) ("The unfair representation claim is the necessary 'condition precedent' to the employee's suit."). It is also true that a hybrid fair representation/§ 301 suit cannot go to trial without some showing that the union has violated its duty of fair representation. *See Herman v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 971*, 60 F.3d 1375 (9th Cir. 1995) (allowing hybrid suit to go forward when plaintiff could survive a summary judgment motion on issue of fair representation).

**[4]** But nothing requires the district court to decide the fair representation question first. *See*, *e.g.*, *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (affirming the dismissal of a hybrid suit where the district court held that the employer had not breached the CBA without reaching the fair representation issue); *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 557-58 (6th Cir. 1990) (same). In this case, CWA and Verizon moved for summary judgment on two grounds — that Bliesner had failed to show either that CWA had violated its duty of fair representation or that Verizon had breached the CBA in violation of § 301. Evidently believing that the CBA § 301 question was easier to resolve, the district court held that Verizon had not violated the CBA. Having held that there was no violation of the CBA, the district court then granted summary judgment to both defendants on the ground that Bliesner had not prevailed on an essential element of her suit. Deciding the CBA question first is not merely permissible. It is also a normal and entirely sensible

procedure frequently followed by a court confronted with two potentially dispositive questions, one of which is easier to resolve.

**[5]** We therefore conclude that the district court did not err by resolving Bliesner's § 301 claim that her employer breached the CBA, and by granting summary judgment without addressing Bliesner's fair representation claim against the union.

## B.   Other Objections

Bliesner raises numerous other objections to the district court's decision. Some of them are moot in light of our holding that the district court acted properly in deciding the CBA § 301 question without reaching the duty of fair representation question. Others are overlapping and partially redundant. Reduced to their essentials, Bliesner has the following remaining objections.

### 1.   Construction of the CBA

**[6]** Bliesner contends that the district court misconstrued the CBA when it concluded that § 14.5.2 unambiguously required that an employee applying to bump into a position must be able to learn the necessary skills of the new job with either a week of formal refresher training, or a week of informal on-the-job training. We agree with the district court that the text of the CBA is unambiguous in stating that any necessary training — whether formal refresher training or on-the-job training — must be achievable within a week.

### 2.   Motions to Strike Portions of Affidavits

Bliesner contends that the district court erred in striking portions of her affidavit submitted in support of her motion for summary judgment, and in failing to strike portions of affidavits from two Verizon employees, Sully and Under-

wood. Under Federal Rule of Civil Procedure 56(e), affidavits must be based on personal knowledge. We review the district court's ruling for an abuse of discretion. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003).

**[7]** It is clear from its order that the district court only struck those portions of Bliesner's affidavit concerning her own personal belief that she could be trained in one week. By her own admission, Bliesner was entirely unacquainted with many of the skills for which training would have been required. For example, there is evidence in the record that the MARK program — which was a necessary part of the new job — requires a three to four week training class. Bliesner stated in her deposition that she had no knowledge of the MARK system. Given Bliesner's lack of knowledge of the MARK system, the district court did not abuse its discretion in striking, for lack of personal knowledge, the portion of her affidavit stating that she could learn it in one week.

**[8]** By contrast, the affidavits of Sully and Underwood were based upon their first-hand knowledge of the necessary skills for the job Bliesner sought, as well as the time needed to obtain those skills. The district court did not abuse its discretion in refusing to strike their affidavits or portions thereof.

### 3.   Genuine Issues of Material Fact

Bliesner contends that there were genuine issues of material fact as to whether she could be trained within one week. We disagree. Verizon introduced evidence showing that Bliesner lacked the necessary skills for the job she sought, and that she could not obtain those skills with one week of formal refresher training or on-the-job training. Bliesner sought to introduce evidence to the contrary by means of statements in her affidavits, but we have just held, *supra*, that the district court did not abuse its discretion in striking those statements for lack of personal knowledge.

### 4.   Motion for Reconsideration

**[9]** Finally, Bliesner contends that the district court erred in denying her motion for reconsideration. We review for an abuse of discretion a district court's denial of a motion for reconsideration. *Sheet Metal Workers Int'l Ass'n Local Union No. 359 v. Madison*, 84 F.3d 1186, 1192 (9th Cir. 1996). We hold that there was no abuse of discretion.

### Conclusion

We hold that in a hybrid fair representation/§ 301 suit, a district court need not address a duty of fair representation claim before addressing a CBA § 301 claim. The district court committed no error in granting summary judgment against Bliesner. We affirm in all respects.

AFFIRMED.