MEMORANDUM **
Arlynn Cubangbang appeals pro se from the district court’s summary judgment for her former employer in her action alleging that her employment was terminated in breach of the union collective bargaining agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Herman v. United Bhd. of Carpenters, Local Union No. 971, 60 F.3d 1375, 1379 (9th Cir.1995), and we affirm.
“[Bjreaeh of a duty of fair representation by the union is a necessary prerequisite to a successful suit against the employer for a breach of the [collective bargaining agreement].” Bliesner v. Communication Workers of Am., 464 F.3d 910, 914 (9th Cir.2006). Accordingly, the district court properly granted summary judgment because Cubangbang failed to create a triable issue as to whether her union breached its duty of fair representation when it presented her grievances at an arbitration hearing. See Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir.1985) (“A union breaches its duty of fair representation only when its conduct toward a member of the col *482 lective bargaining unit is arbitrary, discriminatory, or in bad faith.”) (internal quotation marks and citation omitted).
Cubangbang’s contention regarding ineffective assistance of counsel fails because “[a]s a general rule, parties are bound by the actions of their lawyers[.]” Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir.2004).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.