**Stanley H. BRANDON, Jr.,
Plaintiff—Appellant,**

v.

**NWO, INC., Defendant—Appellee.**

**No. 08–15906.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Stanley H. Brandon, Jr., Honolulu, HI, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William Tracy Grimm, Esquire, Davis Grimm Payne & Marra, Seattle, WA, William N. Ota, Esquire, Lynne T. Toyofuku, Esquire, Marr Jones & Wang, LLP, Honolulu, HI, for Defendant–Appellee.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Stanley H. Brandon, Jr., appeals pro se from the district court's summary judgment for his former employer, NWO, Inc., in his action alleging NWO breached the collective bargaining agreement ("CBA") between Brandon's union and NWO. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir.2006), and we affirm.

The district court properly granted summary judgment to NWO because Brandon's action—a "hybrid" action against both NWO for breach of the CBA and the union for breach of its duty of fair representation to Brandon—was untimely. *See id.* ("An aggrieved party may bring a hybrid fair representation/ § 301 suit against the union, the employer, or both. In order to prevail in any such suit, the plaintiff must show that the union and the employer have both breached their respective duties."); *Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 404 (9th Cir. 1990) (applying six-month statute of limitations to "hybrid" suits).

The district court also properly granted summary judgment on the merits, because Brandon failed to raise a triable issue as to whether his union breached its duty of fair representation when it declined to take Brandon's grievance to arbitration. *See Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir.1985) ("We have emphasized that, because a union balances many collective and individual interests in deciding whether and to what extent it will pursue a particular grievance, courts should accord substantial deference to a union's decisions regarding such matters.") (internal quotation marks omitted).

We decline to consider issues raised by Brandon for the first time on appeal. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1086 (9th Cir.2006).

Brandon's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

