**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES V. McCLAIN, III, | Nos. 08-35290 |
| Plaintiff - Appellant - Cross-Appellee, | 08-35309 |
| v. | D.C. No. 2:07-cv-00567-RSM |
| BOEING COMPANY, a foreign corporation; GERALD CHAPUT, | MEMORANDUM* |
| Defendants - Appellees, | |
| and | |
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS AFL-CIO, DISTRICT 751, | |
| Defendant - Appellee - Cross-Appellant. | |

Appeals from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

In Appeal No. 08-35290, Charles V. McClain, III, appeals pro se from the district court's summary judgment in his employment action against the Boeing Company, Gerald Chaput, and the International Association of Machinists and Aerospace Workers AFL-CIO, District 751 ("the Union"). In Appeal No. 08-35309, the Union cross-appeals from the district court's decision declining to exercise supplemental jurisdiction over McClain's state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002) (absence of subject matter jurisdiction), *amended by* 319 F.3d 1078 (9th Cir. 2003); *Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000) (summary judgment). We affirm as to Appeal No. 08-35290. We vacate and remand as to Appeal No. 08-35309.

**Appeal No. 08-35290**

The district court properly granted summary judgment on McClain's hybrid fair representation/§ 301claim because McClain failed to raise a genuine dispute of

---

[**]  The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

material fact as to whether the Union's conduct was arbitrary, discriminatory, or in bad faith. *See Vaca v. Sipes*, 386 U.S. 171, 190, 192 (1967) ("A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. . . . [A] union does not breach its duty of fair representation . . . merely because it settled the grievance short of arbitration."); *see also Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913-14 (9th Cir. 2006) (for a hybrid fair representation/§ 301 claim, the plaintiff must show both that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement).

The district court properly granted summary judgment on McClain's Americans with Disabilities Act ("ADA") claim because McClain failed to raise a genuine dispute of material fact as to whether he is disabled. *See Braunling*, 220 F.3d at 1157 ("Under the ADA, an employee is disabled if . . . [his] physical or mental impairment substantially limits one or more of the major life activities.").

McClain's remaining contentions are unpersuasive.

We do not consider McClain's contentions raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**Appeal No. 08-35309**

The district court declined to exercise supplemental jurisdiction over McClain's state law claims and dismissed the claims without prejudice. There is no indication in the record that the district court considered complete preemption to determine whether federal question jurisdiction existed over these claims. Therefore, we vacate and remand to allow the district court to consider in the first instance whether McClain's state law claims were completely preempted. *See Funkhouser v. Wells Fargo Bank, N.A.*, 289 F.3d 1137, 1141 (9th Cir. 2002) (district court obligated to consider complete preemption because, if a state claim is completely preempted by federal law, the district court has federal question jurisdiction over the claim and does not have discretion to dismiss the claim without prejudice).

In Appeal No. 08-35290, costs are awarded to appellees. In Appeal No. 08-35309, the parties shall bear their own costs.

We grant the Union's motion to strike portions of McClain's informal brief to the extent that the Union seeks to strike documents not before the district court. Otherwise, all pending motions in the cross-appeals are denied.

**Appeal No. 08-35290: AFFIRMED.**

**Appeal No. 08-35309: VACATED and REMANDED.**