FILED

**NOT FOR PUBLICATION**

JUL 26 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA ROVAI-PICKETT, | No. 10-15296 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01625-MMC |
| v. | |
| HMS HOST, INC. and HOTEL EMPLOYEES & RESTAURANT EMPLOYEES LOCAL # 2, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Linda Rovai-Pickett appeals pro se from the district court's summary

judgment in her action alleging, inter alia, that her employer wrongfully terminated

her in violation of its collective bargaining agreement ("CBA") with her union, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that the union breached its duty of fair representation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) (summary judgment); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993) (denial of motion to remand to state court). We affirm.

The district court properly denied Rovai-Pickett's motion to remand her action to state court because Rovai-Pickett alleged state-law claims that were preempted by federal law. *See Ramirez*, 998 F.2d at 747-48 (state-law claims are preempted by § 301 of the Labor Management Relations Act if their resolution depends upon the meaning of a CBA, and removal of such claims is permissible); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048-49 (9th Cir. 1987) (concluding that state-law claims were preempted by § 301).

The district court properly granted summary judgment on Rovai-Pickett's hybrid fair representation/§ 301 action because there was no genuine dispute of material fact as to whether the union's conduct was arbitrary, discriminatory, or in bad faith. *See Bliesner*, 464 F.3d at 913 ("An aggrieved party may bring a hybrid fair representation/§ 301 suit against the union, the employer, or both. In order to prevail in any such suit, the plaintiff must show that the union and the employer have both breached their respective duties."); *Peterson v. Kennedy*, 771 F.2d 1244,

1253 (9th Cir. 1986) ("A union breaches its duty of fair representation only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." (citation and internal quotation marks omitted)).

We do not consider matters that are not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Rovai-Pickett's remaining contentions are unpersuasive.

**AFFIRMED.**