**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRED C. CARR, Jr., | No. 11-17524 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00715-PJH |
| v. | |
| ALLIED WASTE SYSTEMS OF ALAMEDA COUNTY; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted April 16, 2013**

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Fred C. Carr, Jr., appeals pro se from the district court's judgment

dismissing his action alleging, among other things, that his employer wrongfully

terminated him in violation of its collective bargaining agreement ("CBA") with

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his union, and that the union breached its duty of fair representation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 665-66 (9th Cir. 1985). We affirm.

Removal of Carr's action to federal court was proper because Carr alleged state-law claims that were preempted by federal law. *See Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747-48 (9th Cir. 1993) (state-law claims are preempted by § 301 of the Labor Management Relations Act if their resolution depends upon the meaning of a CBA, and removal of such claims is permissible); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048-49 (9th Cir. 1987) (concluding that state-law claims were preempted by § 301).

The district court properly dismissed Carr's hybrid fair representation/§ 301 claims because Carr failed to allege facts demonstrating that the union's conduct was arbitrary, discriminatory, or in bad faith. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) ("An aggrieved party may bring a hybrid fair representation/§ 301 suit against the union, the employer, or both. In order to prevail in any such suit, the plaintiff must show that the union and the employer have both breached their respective duties."); *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1986) ("A union breaches its duty of fair representation only when

11-17524

its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Carr's motions for reconsideration because Carr failed to establish a basis warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion in denying Carr's motions for leave to amend his complaint. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that the district court's discretion is particularly broad when it has already granted leave to amend).

The district court did not abuse its discretion in denying Carr's motion for recusal. *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712-13 (9th Cir. 1993) (per curiam) (stating standard of review and noting that adverse rulings alone are insufficient to demonstrate judicial bias).

Carr's contentions concerning whether the district court improperly considered facts or evidence outside the pleadings are unpersuasive.

Defendants' request for judicial notice is granted.

Defendants' opposed motion to accept late copies of the answering brief in paper form is granted.

**AFFIRMED.**

11-17524