FILED

APR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WATSON NEWMAN,

              Plaintiff - Appellant,

  v.

CORNER INVESTMENT COMPANY,
LLC, DBA Bill's Gamblin' Hall & Saloon
and INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL NO.
501, AFL-CIO,

              Defendants - Appellees.

No. 12-16415

D.C. No. 2:10-cv-00550-JCM-
GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 11, 2014
San Francisco, California

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

Watson Newman appeals from the district court's grant of summary

judgment in favor of defendants Corner Investment Company, LLC DBA Bill's

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Gamblin' Hall & Saloon ("Corner") and International Union of Operating Engineers Local No. 501, AFL-CIO ("Local 501"). We review a district court's grant of summary judgment de novo, and we affirm. *Bleisner v. Commc'n Workers of A.*, 464 F.3d 910, 913 (9th Cir. 2006).

1.      Newman asserts in his action under § 301 of the Labor Management Relations Act ("LMRA") that his employer Corner breached the collective bargaining agreement by discharging him without just cause. From 2000 until his discharge in 2008, Newman held the title of Assistant Chief Engineer, an at-will position under the terms of the collective bargaining agreements. Newman argues that he was nonetheless covered by the just cause provisions applicable to the Maintenance Engineer position because he had an agreement with management that he would be Assistant Chief Engineer "in title only"and would be otherwise treated as a Maintenance Engineer.

The district court held that there was no issue of fact as to whether Newman's side agreement actually existed, and that even if it did exist, it would be void and unenforceable under the National Labor Relations Act. We affirm the district court's legal conclusion and decline to consider the factual issue. "[National labor] policy extinguishes the individual employee's power to order his own relations with his employer and creates a power vested in the chosen

2

representative to act in the interests of all employees." *NLRB v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175, 180 (1967). Additionally, a side agreement is barred by the terms of the collective bargaining agreement, which prohibits covered employees from entering into "any individual contract" concerning the conditions of employment.

Contrary to Newman's claim, while an employer cannot be compelled to recognize a bargaining unit containing supervisors, it may recognize such a unit voluntarily. *E.G. & H. Inc. v. NLRB*, 949 F.2d 276, 279 (9th Cir. 1991); *see also* 29 U.S.C. § 164.

2. Newman argues that even if he was in fact Assistant Chief Engineer, Corner breached the seniority provision of the collective bargaining agreement. That provision provides that an employee with seniority will "have a preference for . . . regaining employment" provided that the employee "has the ability to perform the work involved satisfactorily." However, Corner presented uncontroverted evidence that management found Newman's performance unsatisfactory. The fact that Corner told Newman he was being discharged for budgetary reasons does not mean that Corner did not also deem Newman's performance unsatisfactory. Corner is therefore entitled to summary judgment on this issue as well.

3.  Newman argues that Local 501 breached its duty of fair representation by settling and withdrawing the first grievance and withdrawing the second. We affirm the district court's holding that in light of the applicable provisions of the collective bargaining agreement Local 501 did not breach the duty of fair representation by its actions regarding the two grievances. Local 501's decisions to withdraw them were not arbitrary or in bad faith. Local 501 properly determined after investigation that the grievances were without merit given the restraints of the collective bargaining agreement, which excluded the Assistant Chief Engineer from the Grievance and Arbitration procedures as well as from the Discipline and Discharge procedures.

4.  To prevail in a hybrid suit under § 301 of the LMRA, Newman must show both a breach of the collective bargaining agreement by the employer and a breach of the duty of fair representation by the union. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983); *Bliesner*, 464 F.3d at 913-14. Because under the collective bargaining agreement Local 501 had no duty to pursue a grievance on behalf of an Assistant Chief Engineer, Newman cannot establish a breach of duty on the part of the union. To the extent that Newman can bring claims under § 301 of the LMRA against Corner without also bringing them against the union, *see Smith v. Evening News Ass'n*, 371 U.S. 195, 200-01 (1962),

4

his claims also fail. His wrongful discharge claim against Corner depends on an invalid side agreement, and there is no issue of fact with respect to his claim for breach of the collective bargaining agreement's seniority provision.

The district court's summary judgment in favor of both defendants is AFFIRMED.