**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSEMARY GARITY,<br><br>        Plaintiff - Appellant,<br><br>   v.<br><br>APWU-AFL-CIO; et al.,<br><br>        Defendants - Appellees. | No. 12-16799<br><br>D.C. No. 2:11-cv-01110-KJD-CWH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted September 23, 2014**

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Rosemary Garity appeals pro se from the district court's judgment

dismissing for failure to state a claim her employment action alleging, among other

things, violations of the National Labor Relations Act.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Diaz v. Int'l Longshore & Warehouse*

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007).  We affirm.

The district court properly dismissed Garity's hybrid fair representation / § 301 claims because Garity failed to allege facts sufficient to show that her unions' conduct was arbitrary, discriminatory, or in bad faith.  *See Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 879-80 (9th Cir. 2007) (discussing requirements for a breach of duty of fair representation claim by a union member).  Because Garity cannot succeed in her contract claim against her employer without also showing that her unions breached their duty of fair representation, the district court properly dismissed Garity's claim for breach of the collective bargaining agreement.  *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) ("In order to prevail in any such [hybrid] suit, the plaintiff must show that the union and the employer have both breached their respective duties.").

The district court properly dismissed Garity's common law and state law claims because they are preempted by § 301 of the Labor Management Relations Act ("LMRA").  *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001) (en banc) (A state law claim is preempted by § 301 of the LMRA when it "necessarily requires the court to interpret an existing provision of a [collective bargaining agreement] that can reasonably be said to be relevant to the resolution

of the dispute.").

The district court properly dismissed Garity's claims for violation of the union constitution and bylaws and for violation of the Labor Management Reporting and Disclosure Act because Garity failed to allege facts sufficient to show that she exhausted internal union procedures. *See Ackley v. W. Conference of Teamsters*, 958 F.2d 1463, 1477 (9th Cir. 1992) (recognizing requirement that member must exhaust internal remedies provided by the union before bringing suit against the union).

The district court correctly determined that Garity's unfair labor practices claim under the National Labor Relations Act ("NLRA") and alleged violation of her *Weingarten* rights were within the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). *See Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 49-50 (1998) (statutory claims are within the primary jurisdiction of the NLRB); *see also NLRB v. Weingarten, Inc.*, 420 U.S. 251, 253 (1975) (*Weingarten* guarantees the right of employees to have union representation at investigatory interviews).

The district court properly dismissed Garity's federal constitutional claim because the unions are not state actors acting under color of law. *See Blum v. Yaretsy*, 457 U.S. 991, 1002 (1982) (requiring state action).

The district court properly dismissed Garity's claim that the national union is vicariously liable for the local union's acts because Garity failed to allege facts sufficient to show an agency relationship. *See Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 217 (1979) (applying common law agency test to determine union liability for acts of local).

The district court did not abuse its discretion by denying Garity's motion for leave to amend. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that a district court's discretion is particularly broad where it has already granted leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We reject as without merit Garity's contentions concerning discovery, after acquired evidence, and motions "critical" to her case.

Garity's opposed motion to supplement the record on appeal, filed on January 26, 2013, is denied as unnecessary.

American Postal Workers Union, Local #7156's opposed motion to dismiss it as a party and its counsel's motion for leave to withdraw, jointly filed on November 20, 2012, are granted.

**AFFIRMED.**