**Radiah S. THOMPSON, Plaintiff–Appellant,**

**v.**

**PERMANENTE MEDICAL GROUP, INC.; SEIU–UHW Healthcare Workers–West, Defendants–Appellees.**

No. 13–16809.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 21, 2015.*

Decided Nov. 24, 2015.

Radiah S. Thompson, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David A. Abella, Patrick McPike Glenn, Esquire, Hanson Bridgett Llp San Francisco, CA, Bruce A. Harland, Weinberg Roger & Rosenfeld, Alameda, CA, for Defendant–Appellees.

Before: REINHARDT, LEAVY, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Radiah S. Thompson appeals pro se from the district court's judgment dismissing her employment action alleging breach of a collective bargaining agreement and breach of the duty of fair representation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed.R.Civ.P. 12(b)(6). *Diaz v. Int'l Longshore & Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir.2007). We affirm.

The district court properly dismissed Thompson's hybrid § 301/duty of fair representation claims because Thompson failed to allege facts sufficient to show that her union's conduct was arbitrary, discriminatory, or in bad faith. *See Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 879–80 (9th Cir. 2007) (discussing requirements for a breach of duty of fair representation claim by a union member); *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir.2006) ("In order to prevail in any such [hybrid § 301/duty of fair representation] suit, the plaintiff must show that the union and the employer have both breached their respective duties.").

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion by resolving defendants' motions to dismiss without a hearing. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992) ("The district court is given broad discretion in supervising the pretrial phase of litigation."); *see also* N.D. Cal. L.R. 7–1(b) ("In the Judge's discretion ... a motion may be determined without oral argument.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.