**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANDRA JOHNSON; JEROME
PRIMES,

        Plaintiffs-Appellants,

v.

KEOLIS AMERICA,

        Defendant-Appellee.

No.   16-15364

D.C. No. 3:15-cv-03104-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted September 11, 2017
San Francisco, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,[**] District
Judge.

      Plaintiffs-Appellants Sandra Johnson and Jerome Primes ("Plaintiffs")

appeal the district court's order dismissing without leave to amend their First

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

Amended Complaint against Defendant-Appellee Keolis America for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We review de novo the district court's dismissal of a complaint for failure to state a claim. *Vasquez v. Los Angeles ("LA") County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, we review for abuse of discretion the district court's denial of leave to amend a complaint. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). We affirm.

1. Plaintiffs claim that Keolis America failed to provide them with notice of a May 2012 "mass layoff" in violation of the Worker Adjustment and Retraining Notification ("WARN") Act. *See* 29 U.S.C. § 2102(a). Because Plaintiffs were laid off on January 24, 2012, they did not face an "employment loss as a consequence of" the May 2012 mass layoff. *See* 29 U.S.C. §§ 2101(a)(5), 2102(a). As a result, Plaintiffs were not entitled to notice under the WARN Act. *See Collins v. Gee West Seattle LLC*, 631 F.3d 1001, 1006–07 (9th Cir. 2011).

2. Plaintiffs allege that the district court abused its discretion when it denied them leave to amend their WARN Act claim. Plaintiffs were given the opportunity to amend their initial complaint, but continued to assert the same factual allegations. Any further amendments would be "futil[e]" and unlikely to "cure deficiencies" in Plaintiffs' First Amended Complaint. *See Eminence Capital, LLC*

2

*v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3. Plaintiffs maintain that Keolis America breached their collective bargaining agreement under § 301 of the Labor Management Relations Act. *See* 29 U.S.C. § 185(a). However, Plaintiffs do not allege that they exhausted the three-step grievance process outlined in the collective bargaining agreement. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983). In addition, Plaintiffs' First Amended Complaint does not allege that their union breached the duty of fair representation. *See id.* at 164–65; *see also Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913–14 (9th Cir. 2006). Unable to allege those predicate facts, this claim fails.

Costs shall be awarded to Appellees.

**AFFIRMED.**