NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEROME MACK, an individual, | No. 18-15452 |
| Plaintiff-Appellant, | D.C. No. 1:15-CV-01600-JLT |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted October 23, 2019[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and BADE, Circuit Judges.

Jerome Mack appeals the dismissal and adverse summary judgment in favor

of the California Department of Corrections and Rehabilitation ("CDCR") and its

officials on Mack's claims of racial discrimination, harassment, and retaliation in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

violation of the California Fair Employment and Housing Act, Cal. Gov. Code §§ 12940–12952 ("FEHA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), and 42 U.S.C. §§ 1981 and 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mack's FEHA claims were properly dismissed based on state sovereign immunity. Absent "unequivocal consent," federal courts may not consider suits against states or their agencies, *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986), a protection that also extends to agency officials, *see Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). "California has not waived its immunity to FEHA actions in federal court." *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999). Thus, the district court lacked jurisdiction to adjudicate Mack's FEHA claims against CDCR and its officials.[1]

We do not address Mack's argument that the district court erred by barring him from challenging the California State Personnel Board's ("SPB") decisions sustaining his discipline for sleeping on the job, refusing to work with a female subordinate, and leaving his post without permission. The SPB's decisions had "no preclusive impact" on Mack's Title VII claims, whose evidentiary deficiencies at

---

[1] The district court dismissed Mack's FEHA claims "without leave to amend." In an abundance of caution, we clarify that such dismissal should be deemed to have been without prejudice. *See Freeman*, 179 F.3d at 847 ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court." (quotation and modification omitted)).

2

summary judgment concurrently disposed of those claims to which the court's initial preclusion ruling had applied. Because preclusion played no role in any claim's final disposition, we need not reach that issue here.

There was no abuse of discretion in striking portions of Mack's declaration filed in opposition to CDCR's motion for summary judgment. A party cannot create a factual dispute and avoid summary judgment by filing an affidavit contradicting his own prior testimony. *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). Mack initially testified that he could not recall any racial harassment within the relevant period and claimed little knowledge of an inmate housing incident for which he was later investigated. Mack's declaration offered new, sometimes contradictory information yet omitted any explanation for his new recollection. *See id.* at 1081 (requiring "reasonable explanation" for "newly-remembered facts"). His list of employees that allegedly received more favorable treatment similarly excluded any basis for his knowledge. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006) ("[A]ffidavits must be based on personal knowledge."). Striking these statements was not clearly erroneous.

Nor did the district court abuse its discretion by refusing to strike Pat Vazquez's declaration filed in support of CDCR's motion. A party must supplement its initial disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information

3

has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Though it did not specifically disclose Vazquez as a witness, CDCR produced documents revealing her as one with knowledge pertinent to Mack's claims. There was no obvious error, then, in refusing to strike her declaration.

The district court correctly rejected David Crounse, a Caucasian colleague, as a similarly situated employee supporting Mack's discrimination claims. Similarly situated employees generally have similar jobs and display similar conduct. *Josephs v. Pac. Bell*, 443 F.3d 1050, 1065 (9th Cir. 2006). Mack and Crounse shared neither. Whereas Mack was denied an acting position due to a pending investigation, Crounse was already in an acting position at the onset of his disciplinary investigation. And the record omits the conduct that spawned Crounse's investigation. It follows that they are not similarly situated.

The record is similarly short on evidence of pretext supporting Mack's retaliation claims. Mack's statistical evidence lacks the necessary depth and accounting for nondiscriminatory variables to "show a stark pattern of discrimination unexplainable on grounds other than race." *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 663 (9th Cir. 2002) (quotations and modification omitted). His conclusory allegations of deficiencies in CDCR's antidiscrimination practices stop short of "specific, substantial evidence of pretext."

4

*See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000) (quotation omitted). And an absence of "fundamentally different justifications" for CDCR's actions prevents Mack from establishing employer dissembling. *See Washington v. Garrett*, 10 F.3d 1421, 1434 (9th Cir. 1993).

Finally, we decline to resolve whether Mack's complaints present a matter of public concern covered by the First Amendment. Regardless, Mack's retaliation claim fails for the same lack of causation—namely, pretext—that foreclosed his other retaliation claims. *See Kennedy v. Bremerton Sch. Dist.*, 869 F.3d 813, 822 (9th Cir. 2017) (requiring plaintiff to show protected speech was a "substantial or motivating factor" for adverse employment action); *see also Allen v. Iranon*, 283 F.3d 1070, 1075 (9th Cir. 2002) ("Courts determining whether a plaintiff has met his burden . . . often look to evidence that the employer's proffered reasons for the challenged decision were pretextual."). Because this alternative ground suffices to affirm summary judgment, we need not reach the constitutional question. *See Bliesner*, 464 F.3d at 913 ("We may affirm on any ground supported by the record.").

**AFFIRMED.**