NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRENDA JEAN ANDERSEN-SWIDERSKI, individually,

Plaintiff-Appellee,

v.

KAISER PERMANENTE SOUTHERN CALIFORNIA OPTOMETRIC ASSOCIATION,

Defendant-Appellant,

and

DOES, 1-10; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, a California partnership,

Defendants.

No. 19-55235

D.C. No. 3:18-cv-01219-WQH-AGS

MEMORANDUM[*]

BRENDA JEAN ANDERSEN-SWIDERSKI, individually,

Plaintiff-Appellee,

v.

SOUTHERN CALIFORNIA

No. 19-55238

D.C. No. 3:18-cv-01219-WQH-AGS

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PERMANENTE MEDICAL GROUP, a
California partnership,

Defendant-Appellant,

and

KAISER PERMANENTE SOUTHERN
CALIFORNIA OPTOMETRIC
ASSOCIATION; DOES, 1-10,

Defendants.

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 5, 2020[**]
Pasadena, California

Before: M. SMITH, BADE, and BRESS, Circuit Judges.

Southern California Permanente Medical Group (Kaiser) and Kaiser

Permanente Association of Southern California Optometrists (KPASCO)

(collectively, Appellants) appeal the district court's grant of summary judgment in

favor of Brenda Jean Andersen-Swiderski (Dr. Andersen) on her "hybrid" claim

under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for

breach of a collective bargaining agreement by Kaiser and concomitant breach of

---

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the duty of fair representation by KPASCO. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). We have jurisdiction under 28 U.S.C. § 1291. Although we agree with the district court that the statute of limitations was tolled and that Kaiser breached the collective bargaining agreement, we vacate the judgment and remand for further proceedings because genuine disputes of material fact preclude summary judgment as to whether KPASCO breached its duty of fair representation.[1] *See, e.g.*, *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006) ("In order to prevail in [a hybrid § 301] suit, the plaintiff must show that the union and the employer have both breached their respective duties.").

1. We agree with the district court that the statute of limitations was tolled by Dr. Andersen's "good faith attempts . . . to resolve [her] claim through grievance procedures." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1510 (9th Cir. 1986). The delay was "only a few months," *id.* at 1510 n.4, and Kaiser handled (and ultimately denied) Dr. Andersen's claim as a formal Step 1 grievance. Appellants cite no evidence indicating that Dr. Andersen pursued non-judicial resolution of her dispute in bad faith, nor that the non-judicial grievance

---

[1] Although we vacate the grant of summary judgment, we address the propriety of the district court's rulings that the statute of limitations was tolled and that Kaiser breached the collective bargaining agreement "in case the same issues arise on remand." *United States v. Mancuso*, 718 F.3d 780, 796 (9th Cir. 2013).

procedures she followed could not have resulted in the relief she sought. *See id.* at 1510 & n.5.

2.      On de novo review, we agree with the district court that the collective bargaining agreement unambiguously entitled Dr. Andersen to a salary continuance benefit of 50% of her base salary regardless of any other benefits she received through state disability insurance or otherwise. *See Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council*, 940 F.2d 513, 516 (9th Cir. 1991) (describing standard of review). Under the local collective bargaining agreement, both Short-Term Disability Insurance and Long-Term Disability "provide[] at least" 50% of base salary, or "up to" 60% of base salary if "combined" or "integrated" with other benefits. By contrast, Salary Continuance "bridge[s] the Optometrist's income with a total of 50%" of base salary. Applying "ordinary principles of contract law," it is evident that the drafters knew how to expressly require integration with state benefits and conspicuously did not do so in the Salary Continuance provision. *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 430 (2015); *see* Cal. Civ. Code §§ 1638–1639.

Appellants offer no reasonable alternative interpretation of the Salary Continuance provision. Appellants argue that the term "total" signifies that an employee on Salary Continuance should receive a sum total of 50% of base salary when Kaiser's payment is added to state benefits. However, the term cannot

4

support the weight that Appellants place on it when compared to the much more express language regarding integration used in the adjacent provisions. Appellants argue that the term "bridge" signifies that Salary Continuance is meant to provide the same benefits as Short-Term Disability Insurance and/or Long-Term Disability. But these benefits provide up to 60% of base salary when combined with state benefits, which is plainly not the same as the Salary Continuance benefit's total of 50%, with or without integration. Thus, the term "bridge" cannot support the weight Appellants place on it either.

We reject Appellants' alternative argument that the national agreement supersedes even if the local agreement provides the better benefit. The national agreement supersedes unless the local agreement "contain[s] explicit terms which provide a superior wage, benefit or condition." Appellants argue that at best the local Salary Continuance provision is "silent" as to integration. However, the local provision clearly provides for a total of 50% of base salary regardless of the optometrist's receipt of any state benefits. Thus, it "explicit[ly]" provides "a superior wage, benefit or condition."

Appellants' extrinsic evidence of past practice does not alter our conclusion that the collective bargaining agreement is not reasonably susceptible to the interpretations offered by Appellants. *See Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 645 (Cal. 1968).

5

While we agree with the district court that Kaiser breached the collective bargaining agreement, we note that this does not resolve Dr. Andersen's claim against Kaiser, which is "inextricably interdependent" with her claim against KPASCO. *DelCostello*, 462 U.S. at 164–65 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66 (1981) (Stewart, J., concurring in the judgment)).

3.     On de novo review, we conclude that Appellants have shown that a genuine issue of material fact precludes summary judgment on Dr. Andersen's claim that KPASCO breached its duty of fair representation. *See Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 880 (9th Cir. 2007) (describing standard of review). In the absence of discrimination or bad faith, neither of which Dr. Andersen alleges, a union breaches its duty of fair representation only when its actions are "so far outside a wide range of reasonableness that [they are] wholly irrational or arbitrary." *Id.* at 879 (alteration in original) (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991)). "[S]o long as a union exercises its judgment, no matter how mistakenly, it will not be deemed to be wholly irrational." *Id.* (citing *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998); *O'Neill*, 499 U.S. at 78). However, "the 'merits of the grievance' are 'relevant to the sufficiency of the union's representation.'" *Rollins v. Cmty. Hosp. of San Bernardino*, 839 F.3d 1181, 1187 (9th Cir. 2016) (quoting *Gregg v. Chauffeurs, Teamsters & Helpers Union Local 150*, 699 F.2d

6

1015, 1016 (9th Cir. 1983)). "[W]hen a grievance is 'important and meritorious' a union must provide a 'more substantial [ ] reason' for abandoning it." *Id.* (alteration in original) (quoting *Gregg*, 699 F.2d at 1016).

Although we affirm the district court's finding that the collective bargaining agreement is unambiguous, we do not think that this is enough, on its own, to show as a matter of law that the union failed to exercise judgment. Construing the facts in KPASCO's favor, a reasonable factfinder could conclude that KPASCO did not altogether "fail[] to research the [collective bargaining agreement]," *Peters v. Burlington N. R.R. Co.*, 931 F.2d 534, 541 (9th Cir. 1990), *as amended on denial of reh'g* (Apr. 23, 1991), or decline to pursue Dr. Andersen's grievance on a "wholly irrational or arbitrary" basis, *Beck*, 506 F.3d at 880. KPASCO introduced evidence that representatives "reviewed" the local as well as the national agreement. KPASCO introduced evidence suggesting that representatives contemporaneously concluded that the national agreement controlled because the local agreement was silent—an argument we reject but nevertheless do not find "wholly irrational." *Beck*, 506 F.3d at 879. KPASCO additionally introduced evidence that its representatives spoke with multiple contract specialists, considered past practice, and consulted a summary of benefits, all of which could potentially support a finding that KPASCO exercised the requisite level of diligence. On this record, we cannot say as a matter of law that KPASCO's actions

7

breached its duty of fair representation.

**VACATED AND REMANDED.** The parties shall each bear their own costs on appeal.