**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DURRELL ANTHONY PUCKETT,

Plaintiff - Appellant,

v.

A. AGBOLI; LYNCH; DAYSON; LUIS; ROMEO VALLAR; D. YAROCH; R. BULAWIN,

Defendants - Appellees.

No. 23-3009

D.C. No.
2:14-cv-02776-DAD-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted April 1, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

In this 42 U.S.C. § 1983 action, Plaintiff Durrell Anthony Puckett raised

various claims against medical staff at the California Medical Facility

("Defendants"). The district court granted summary judgment to Defendants on

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Puckett's medical indifference and failure-to-protect claims, and dismissed Puckett's First Amendment retaliation claim at Prison Litigation Reform Act ("PLRA") screening. Judgement was entered against Puckett on his remaining Eighth Amendment excessive force claim after a jury trial. The district court also denied Puckett's requests for counsel and to call certain witnesses during trial. We have jurisdiction over Puckett's appeal under 28 U.S.C. § 1291. We affirm.

We review a district court's grant of summary judgment and dismissal at PLRA screening de novo. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (summary judgment); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (PLRA screening). We review a district court's denial of requests for counsel and to call witnesses for abuse of discretion. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (requests for counsel); *United States v. Erickson*, 75 F.3d 470, 476 (9th Cir. 1996) (requests to call witnesses). We review a district court's determination that a complaint was not based on personal knowledge for abuse of discretion. *See Bliesner v. Commc'n Workers of America*, 464 F.3d 910, 915 (9th Cir. 2006).

1. "[D]eliberate indifference to a prisoner's serious illness or injury" gives rise to a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A delay in providing medical treatment can only constitute deliberate indifference if the prisoner demonstrates that the delay led to further injury. *See*

*McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). Puckett alleges that he was denied medical care for eleven days. But Puckett did not present any evidence that this delay in treatment led to further injuries. So the district court did not err in granting Defendants summary judgment on Puckett's medical indifference claim.

2. Under the Eighth Amendment, prison officials must take reasonable steps to protect inmates from physical abuse. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A prison official violates this duty when: (1) "the official knows of and disregards an excessive risk to inmate health or safety;" and (2) the official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and "draw[s] the inference." *Id.* at 837. Puckett alleges that Defendant Lynch showed Puckett's abstract of judgment to other inmates, which created an excessive risk to Puckett's safety. In a declaration, Lynch denied taking those actions. The district court did not abuse its discretion when it determined that Puckett's allegations were not based on personal knowledge. *See Bliesner*, 464 F.3d at 915. Because Puckett provided no evidence contradicting Lynch's denial, there is no genuine dispute of material fact as to whether Lynch failed to protect Puckett from an excessive risk of harm. *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); Fed. R. Civ. P 56(e). So the district court did not err in granting Defendants summary judgment on Puckett's failure-to-protect claim.

3. Construing Puckett's complaint liberally, *see Erickson v. Pardus*, 551

3                                                                      23-3009

U.S. 89, 94 (2007), we assume that it plausibly stated a retaliation claim based on the same allegations against Lynch. As discussed above, Puckett's failure-to-protect claim was properly dismissed at summary judgment. At oral argument, Puckett's counsel conceded that even if his retaliation claim had proceeded past PLRA screening, he would have had no additional evidence to support it. Because Puckett's retaliation claim would have likewise been dismissed at summary judgment, any error in dismissing the claim at PLRA screening did not affect Puckett's substantial rights and was harmless. *See* 28 U.S.C. § 2111.

4. When a pro se litigant requests assistance of counsel in a civil case, the district court must consider whether "exceptional circumstances" favor appointment of voluntary counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); 28 U.S.C. § 1915(e)(1). In determining whether "exceptional circumstances" exist, this court must consider "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (cleaned up). Puckett's demonstrated ability to file motions and his various interactions with the district court indicate that he understood the legal issues and could coherently present his arguments. So the district court did not abuse its discretion in denying his requests. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

5. The district court denied Puckett's motions to issue writs of habeas corpus

ad testificandum to prospective witnesses because Puckett did not provide the witnesses' last known addresses, as required by Eastern District of California Local Rule 281(b)(10). On appeal, Puckett argues that Rule 281, as applied to incarcerated parties, violates his due process rights. Prisoners have a constitutional right to access the courts. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011) (overruled on other ground as recognized in *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015)). But this right does not include a constitutional right to the aid of the court in preparing a case. *See id.* 1102–03 (explaining that this right forbids states from erecting barriers that impede incarcerated persons from accessing courts but does not require states "to provide affirmative assistance in the preparation"). Because Puckett cannot show that his liberty or property rights were violated, the district court did not violate his due process rights by enforcing Rule 281.

**AFFIRMED.**

23-3009